UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-21991-JEM/Becerra

CARLOS JAVIER BRIOSO,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** came before the Court upon Plaintiff's Unopposed Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  *See* ECF No. [29]. Defendant, Commissioner of Social Security, does not oppose the Motion, *id*. at 1, and no response to the Motion has been filed. Upon due consideration of the Motion, the pertinent portions of the record, and the relevant legal authorities, for the reasons that follow, Plaintiff's Motion for Attorney's Fees is **GRANTED**.

**I.     Background**

Plaintiff filed this lawsuit seeking review of the Commissioner's decision to deny his application for social security disability benefits. *See* ECF No. [1]. Plaintiff thereafter filed a Motion for Summary Judgment. *See* ECF No. [16]. In response, Defendant filed a Motion for Summary Judgment and a Response in Opposition to Plaintiff's Motion for Summary Judgment

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. *See* ECF No. [5].

*See* ECF Nos. [20], [21]. Plaintiff then filed a Response to Defendant's Motion for Summary Judgment and Reply in Support of Plaintiff's Motion. *See* ECF No. [22].

On August 11, 2023, the undersigned issued a Report and Recommendation, which recommended that Plaintiff's Motion for Summary Judgment be granted and Defendant's Motion for Summary Judgment be denied. *See* ECF No. [26]. No objections were filed. The Court adopted the Report and Recommendation, ECF No. [27], and entered Final Judgment in favor of Plaintiff, which reversed the Commissioner's decision and remanded the case to the Commissioner for further proceedings. *See* ECF No. [28]. Plaintiff thereafter filed the instant Motion for Attorney's Fees pursuant to the EAJA. *See* ECF No. [29].

**II.     Analysis**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party. Likewise, there is no dispute that the Commissioner's position was not substantially justified, nor is there a contention that special circumstances make an award of attorney's fees unjust. Accordingly, the undersigned finds that Plaintiff is entitled to recover her attorney's fees.

The next question is the proper amount of that award. Plaintiff asks to recover $5,644.28 in attorney's fees. *See* ECF No. [29] at 1, 3-4. The supporting timesheet entries of Plaintiff's counsel reflects that she expended a total of 23.8 hours litigating the action in this Court. *See* ECF No. [29-2]. at 2. In 2022, Plaintiff's counsel expended 17.1 hours at a requested hourly rate of

$234.95.  *Id*.  In 2023, Plaintiff's counsel expended 6.7 hours at a requested hourly rate of $242.78. *Id*.

The EAJA states in pertinent part that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The EAJA establishes a two-step analysis for determining the proper hourly rate. First, the Court must determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.  Second, if the Court finds that the market rate is greater than $125.00 per hour, the Court must determine whether to adjust the hourly fee upward to take into account the increase in the cost of living or a special factor.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).

The Commissioner does not dispute that the requested hourly rates of $234.95 and $242.78 are within the range of the prevailing market rates for the kind and quality of the legal services furnished.  Given the absence of opposition, and based upon the Court's own experience, the undersigned finds that the rates sought are within the range of market rates in similar actions.  *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (finding that the Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience . . . .").

However, because the requested hourly rates exceed the $125 per hour statutory rate set by the EAJA, the Court must consider whether to adjust the hourly rates to take into account the increase in the cost of living or other special factors.  Plaintiff does not contend that any special

factors warrant an upward adjustment of the hourly fee. Instead, Plaintiff contends that the higher hourly rates of his attorney is permissible because of an increase in the cost of living. *See* ECF Nos. [29] at 3; [29-1].

The application of the cost-of-living adjustment is "next to automatic." *Meyer,* 958 F.2d at 1035 n.9. When, as here, the work performed is over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat v. Berryhill*, No. 15-cv-24727, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (collecting cases). The supporting timesheet entries of Plaintiff's counsel reflect that she dedicated 17.1 hours to this action in 2022 and 6.7 hours in 2023. *See* ECF No. [29-2] at 2. There is no dispute that application of a cost-of-living adjustment results in an hourly rate of $234.95 for work performed in 2022 and $242.78 for work performed in 2023, and that this adjustment is proper.[2] There is also no dispute regarding the reasonableness of the number of hours that Plaintiff's counsel devoted to this action. The undersigned has carefully reviewed the timesheet entries of Plaintiff's counsel as well as the record in this action, and finds that the hours expended are reasonable.

Finally, the undersigned evaluates whether the award of attorney fees should be payable to Plaintiff or Plaintiff's counsel. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards

---

[2] These figures are calculated by taking the Annual CPI rate for the relevant year and subtracting from it the March 1996 rate and then dividing that number by the March 1996 rate. *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited November 15, 2023); *Sensat*, 2018 WL 5257143, at *6 n.12. Then,"[t]he cost-of-living percentage increase is [] applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA."

are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States.  560 U.S. 586, 589 (2010).  The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney.  *Id*. at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 617-cv-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019).  In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3]  *Milanes v. Berryhill*, No. 15-cv-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017).  However, the Government can waive the requirements of the Anti-Assignment Act.  *Sensat*, 2018 WL 5257143 at *7 n.14; *see also Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff requests that attorney's fees be paid directly to his attorney unless Plaintiff owes a federal debt.  *See* ECF No. [19] at 11-12.  Plaintiff executed an assignment of EAJA fees (the "Assignment").  *See* ECF No. [32-1].  Specifically, the Assignment states that

---

[3] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.  The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.  The certificate shall state the official completely explained the assignment when it was acknowledged.  An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Plaintiff "assign[s] any entitlement that I may have to a fee under the Equal Access to Justice Act ("EAJA") 28 U.S.C. 2412, to my attorney, Heather Freeman" and "direct[s] that the EAJA award should be made payable to counsel and not to me as the Plaintiff." *Id*. The Assignment further states that Plaintiff "direct[s] that any EAJA award issued should be sent to counsel's office and not my personal address." *Id*. Given the Commissioner's lack of opposition, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorney's fees award shall be payable to Plaintiff's counsel subject to offset against any pre-existing debt Plaintiff may owe to the United States.

### III. Conclusion

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Unopposed Motion for Attorney Fees, ECF No. [29], be **GRANTED**. It is **FURTHER RECOMMENDED** that pursuant to the Equal Access to Justice Act, Plaintiff be awarded **$5,644.28** in reasonable attorney's fees. The foregoing funds should be made payable to counsel for Plaintiff so long as the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States that are subject to offset, and payment should be sent to the office of Plaintiff's counsel.

IV.     **Objections**

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The Court has shortened the objection period because the instant Motion is unopposed and the Court has recommended that the full amount of fees requested be awarded. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers at Miami, Florida, on December 8, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**